Gary H. Hanson, Chief Counsel Rural Water District No. 8 Shawnee County, Kansas 2887 S.W. MacVicar Avenue Topeka, Kansas 66611
Dear Mr. Hanson:
As Chief Counsel for Rural Water District No. 8, you ask our opinion regarding the appropriate interpretation of language found in K.S.A.82a-2101 concerning the clean drinking water fee. In pertinent part, K.S.A. 82a-2101 provides:
 "[T]here is hereby imposed a clean drinking water fee at the rate of $.03 per 1,000 gallons of water sold at retail by a public water supply system and delivered through mains, lines or pipes. . . . The price to the consumer of water sold at retail by any such system shall not include the amount of such fee.
 "A public water supply system may elect to opt out of the fee imposed by this section. . . . Such public water supply system shall continue to pay all applicable sales tax on direct and indirect purchases of tangible personal property and services purchased by such system."[1]
In essence, K.S.A. 82a-2101 gives a public water supply system a choice between paying a clean drinking water fee or paying the indicated sales taxes. The italicized language is what prompts your inquiry.
Rural Water District No. 8 takes the position that "the District is not prohibited by the disputed language from charging its customers for the [clean drinking water fee] as part of a separate line item on the District's bills" because such an additional fee would not literally be part of "the price of water." In contrast, the Kansas Department of Revenue's position is that the contested language means a water district's election to pay the clean drinking water fee must be "without increasing the consumer's cost to purchase water by the amount of that fee," which would be the effect of adding an additional line item on a consumer's bill for the clean drinking water fee.
With two distinct and differing interpretations, we must conclude that the contested statutory language is ambiguous; consequently, we may look to legislative history for guidance in reaching an appropriate interpretation of the statute.[2]
In the 2001 legislative session, after a rather circuitous route, K.S.A. 82a-2101 was enacted into law. This legislation began within 2001 House Bill No. 2006 as part of a larger sales tax exemption statute, then moved into 2001 Substitute for House Bill No. 2006 where it was subsequently amended by the House Committee of the Whole. Eventually, however, it found its way into 2001 Senate Bill No. 322 in the form in which it was finally passed.
During legislative hearings when the sales tax exemption for water supply systems proposal was a part of 2001 House Bill No. 2006 and 2001 Substitute for House Bill No. 2006, testimony of conferees focused on the difficulties faced by water districts in complying with the then current requirement to pay sales taxes and the benefit to water districts if a flat rate fee was adopted as an alternative. Although the contested language did not appear in either of these bills, the Kansas Rural Water Association testifying in favor of the bill,
 "[S]uggest[ed] that [water] utilities do not need to pass any new fee on to ratepayers, as there will be a commensurate cost savings for the utility."
This statement indicates that the Kansas Rural Water Association did not anticipate any of its member water districts adding or including a new clean drinking water fee in consumers' bills.
2001 Substitute for House Bill No. 2006 passed in the House, but ultimately emerged in the Senate in the form of Section 4 of 2001 House Substitute for Senate Bill No. 332. It appears that this final version, with the disputed language, was the result of a Senate and House conference committee, which does not leave legislative history footprints. As a consequence, guidance from legislative history is quite limited.
Although the disputed language might have been more artfully drafted, we nevertheless conclude that the clean drinking water fee may not be included as a separate line item on consumers' water bills, whether designated as a clean drinking water fee or as some other fee that includes the amount of the clean drinking water fee. In our opinion, the "price to the consumer of water" is that amount a consumer must pay in order to have water delivered. K.S.A. 82a-2101 prohibits this amount,i.e., the "price of water," from including the amount of the clean drinking water fee. In other words, if a water supply system elects to pay the clean drinking water fee (instead of paying otherwise applicable sales taxes), it may not then increase the price to the consumer of water in the amount of this fee.
Our understanding of K.S.A. 82a-2101 is that in exchange for not paying otherwise applicable sales taxes, the clean drinking water fee would be paid by the water supply system from its general operating fund.[3] Any other understanding would necessitate the absurd conclusion that a water supply system could not pay the clean drinking water fee at all.[4]
We realize that for the most part a water supply system's operating fund is comprised of moneys received from customers for water; however, we believe this conclusion is in keeping with the sentiment of K.S.A.82a-2101 to disallow a water supply system from (1) electing to pay the clean drinking water fee, (2) reaping the financial benefits of not paying otherwise applicable sales taxes, and then (3) reaping an additional financial benefit by charging its customers with the amount of the clean drinking water fee.
Sincerely,
 Phill Kline Attorney General
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] Emphasis added.
[2] Hartford Cas. Ins. Co. v. Credit Union 1 of Kansas, 268 Kan. 121,124-25 (1999) (where face of statute leaves construction uncertain, court not limited to mere consideration of the language used, but may consider historical background of enactment, circumstances attending passage, purpose to be accomplished, and effect statute may have under various constructions suggested).
[3] Water supply systems may use differing nomenclature or designations than "general operating fund." By use of that term, we do not mean to specifically limit the type of fund from which a water supply system may pay the clean drinking water fee.
[4] The Legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results.Dawson v. Prager, 276 Kan. 373, 383 (2003).